IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **ROY LEE RUCKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-02143-JTF-tmp |
| | ) |
| **BRISTOL WEST INS.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE
WITHOUT PREJUDICE**

Before the Court is Plaintiff Roy Lee Rucker's *pro-se* complaint and motion to proceed *in forma pauperis*, filed on March 4, 2022. (ECF Nos. 1 & 2.) On March 9, 2022, the Chief Magistrate Judge entered an order directing *pro-se* Plaintiff to file a properly completed *in forma pauperis* affidavit or pay the $402.00 civil filing fee within 30 days. (ECF No. 6.)  Moreover, the Chief Magistrate Judge's Order notified *pro-se* Plaintiff that failure to comply would result in dismissal of this action without further notice. The Court notes that *pro-se* Plaintiff's compliance with the Chief Magistrate Judge's Order expired on April 9, 2022. After screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Chief Magistrate Judge entered a Report and Recommendation ("R. & R.") on May 5, 2022, advising the Court to dismiss Plaintiff's case without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  (ECF No. 7.) *Pro-se* Plaintiff's objections to the R&R were due on May 19, 2022. (*Id.*)

To date, *pro-se* Plaintiff has not complied with the Chief Magistrate Judge's Order, filed no objections to the R&R, and *pro-se* Plaintiff's opportunity to do so has passed. *See* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R. & R.). For the following reasons, the R. & R. should be **ADOPTED**, and *pro-se* Plaintiff's case be **DISMISSED** without prejudice for failure to prosecute.

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In the case at hand, the Court agrees with the Chief Magistrate Judge's recommendation that pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint be dismissed without prejudice for failure to prosecute the case.

(ECF No. 7.) If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Sixth Circuit held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (per curiam).

Under the circumstances, *pro-se* Plaintiff was advised that dismissal of this action would ensue upon failure to comply with the Chief Magistrate Judge's Order. Upon the Court's review of the record, *pro-se* Plaintiff has chosen not to comply. The R. & R. informed *pro-se* Plaintiff that objections were due on May 19, 2022. As noted above, *pro-se* Plaintiff raised no objections to the R. & R. and time to do so has passed. Accordingly, the Court dismisses *pro-se* Plaintiff's case without prejudice as an adjudication on the merits for lack of prosecution.

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **DISMISSES** *pro-se* Plaintiff's complaint without prejudice for lack of prosecution.

**IT IS SO ORDERED** this 8th day of June, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE